**Joseph Bakhos Esq,**
**State Bar Number: 327036**
17221 E. 17th St., Ste #F
Santa Ana, CA 92705
Telephone: [714]-617-5868
Email Address: jbakhoslaw@yahoo.com
**Attorney for plaintiff**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ADAM GHADIRI,<br><br>Plaintiff,<br>vs.<br><br>O'REILLY AUTO PARTS, a business entity; O'REILLY AUTO ENTERPRISES, LLC, a California limited liability company; KIRSCHBAUM PROPERTIES LLC, a California limited liability company,<br><br>Defendants | Case No.: 3:20-CV-01796-RS<br><br>**RESPONSE TO DEFENDANTS MOTION TO DISMISS**<br><br>HONORABLE RICHARD SEEBORG<br><br>DATE: THURSDAY, JULY 30, 2020<br><br>TIME: 1:30 P.M. |

## TABLE OF CONTENTS

I. INTRODUCTION ....................................................................4

II. ARGUMENT ....................................................................6

A. This federal ADA claim is not moot, as defendants failed to show that they will continue to maintain the parking lot as to not allow it to become in disrepair again....................................................................6

B. This court should exercise supplemental jurisdiction as the federal ADA claim is still a live controversy, plaintiff has standing, and it is in the best interest of judicial economy....................................................................7

III. CONCLUSION....................................................................16

## TABLE OF AUTHORITIES

Cases

*Rosemere Neighborhood Ass'n v. U.S.* EPA, 581 F.3d 1169, 1173 (9th Cir. 2009)..................5

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.* (TOC), Inc., 528 U.S. 167 (2000)............5

*Armster v. U.S. Dist. Court for Cent. Dist. of California*, 806 F.2d 1347, 1359 (9th Cir. 1986)

(C.D. Cal. Oct. 17, 2016)....................................................................5

*Lozano v. C.A. Martinez Family Ltd. P'ship*, 129 F. Supp. 3d 967 (S.D. Cal. 2015)..............5

*Love v. Petaishiski* (C.D.Cal. Mar. 8, 2017, No. EDCV 15-1719-VAP (DTBx))..................6

*Porter v. Bowen*, 496 F.3d 1009, 1017 (9th Cir. 2007)..............................................7

*Cty. of Los Angeles v. Davis*, 440 U.S. 625, 631, 99 S. Ct. 1379, 59 L. Ed. 2d 642 (1979)......8

*Org. for Advancement of Minorities with Disabilities v. Brick Oven Rest.*, 406 F. Supp. 2d 1120, 1130 (S.D. Cal .2005)....................................................................8

*Moore v. Dollar Tree Stores Inc.* (E.D.Cal. 2015) 85 F. Supp. 3d 1176, 1194.)....................9

*City of Chicago v. Intl Coll. of Surgeons*, 522 U.S. 156, 173, 118 S. Ct. 523, 534, 139 L. Ed. 2d 525 (1997) ....................................................................10

*Johnson v. Morning Star Merced*, LLC, (2018 U.S. Dist). *Schoors v. Seaport Vill. Operating Co.*, LLC, (2017 U.S. Dist.)..........10

*Chavez v. Suzuki*, No. 05cv1569 BTM (BLM), 2005 U.S. Dist. (S.D. Cal. Nov. 30, 2005 ......11

Statutes and Other Authority

FRCP Rule 12(b)(1)..........4

28 USC § 1367..........4

California Business Code 2016..........7

Cal. Civ. Code §§ 51(f)..........9

Cal. Civ. Code § 52..........9

## I. INTRODUCTION

On March 16, 2020 Plaintiff filed a lawsuit against Defendant O'REILLY AUTO PARTS, an auto parts store, alleging violations of the ADA (Americans with Disabilities Act) in respect to Defendants parking lot. Defendant was served with the lawsuit on June 9, 2020. Service was delayed due to Covid 19. On Monday June 22, Plaintiff's counsel received an email stating that the parking lot was now in compliance with federal regulations. Attached to the email were photos showing the front of a parking lot with proper handicap signage, fresh paint, and van access. Plaintiff's counsel had no way of authenticating those photos through the email, and was under a duty to zealously represent his client. Nonetheless, while there are still live controversial issues in regards to mootness, Defense counsel requested that Plaintiff dismiss the lawsuit as moot. Plaintiff's counsel also stated that there were two causes of action at issue aside from the federal ADA claim.

Defendants now file a motion to dismiss under FRCP Rule 12(b)(1) dismissal for lack of subject matter jurisdiction. Also, Defendants move for dismissal under 28 USC § 1367, stating the court lacks subject matter jurisdiction.

## II. ARGUMENT

It is Plaintiffs contention that Defendants motion to dismiss should be denied because their claim of mootness is subject to the well established "voluntary cessation exception". The fact that Defendants had compliant ADA parking at some point; but due to inaction, allowed it to become a state of disrepair, indicates they were previously aware of ADA guidelines. Also, the fact that Defendant seemingly fixed the parking lot subsequent to this lawsuit, indicates that they were prompted to fix only because of this lawsuit. Finally, in defendants' motion to dismiss, they did not indicate whether they had any business practice or policy in place, before or after this lawsuit, for purposes of maintaining their parking lot, or whether they have chosen not to follow

it or will follow one in the future. Therefore, there is a strong likelihood that the Defendants parking lot will again go into disrepair due to their inaction in maintaining the parking lot.

It is also Plaintiffs contention that, since the federal ADA claim is not moot, and the Unruh Act claim is essentially identical to the ADA claim, except that it allows for money damages; it is within this courts discretion to exercise supplemental jurisdiction over the Unruh Act claim. And finally, since the state law claim of negligence is directly related to the ADA and Unruh Act claims; it is also within this courts discretion to exercise supplemental jurisdiction over that claim as well.

## MEMORANDUM OF POINTS AND AUTHORITIES.

### A. THIS FEDERAL ADA CLAIM IS NOT MOOT, AS DEFENDANTS FAILED TO SHOW THEY WILL CONTINUE TO MAINTAIN THE PARKING LOT AS TO NOT ALLOW IT TO BECOME IN DISREPAIR AGAIN.

"Courts have long recognized a 'voluntary cessation exception' to mootness." *Rosemere Neighborhood Ass'n v. U.S.* EPA, 581 F.3d 1169, 1173 (9th Cir. 2009). "Under this doctrine, when a defendant's voluntary cessation of a challenged activity is the basis for mootness, it becomes the defendant's burden to demonstrate that "subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.* (TOC), Inc., 528 U.S. 167 (2000). "The heavy burden of persuading the court that the challenged conduct cannot reasonably be expected to start up again lies with the party asserting mootness. This is because 'otherwise they would simply be free to 'return to (their) old ways' after the threat of a lawsuit had passed.'" *Armster v. U.S. Dist. Court for Cent. Dist. of California*, 806 F.2d 1347, 1359 (9th Cir. 1986)

"At least one district court in this circuit has held repainting a parking space does not show 'it is absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.'" *Lozano v. C.A. Martinez Family Ltd. P'ship*, 129 F. Supp. 3d 967 (S.D. Cal.

2015). "In *Lozano*, a man with a disability brought ADA claims against a swap meet company for having faded paint on parking spaces reserved for people with disabilities. The company had repainted the spaces following an ADA lawsuit that ended 15 years earlier, and the company had again allowed them to fade and failed to follow their previous policy of regularly inspecting and repainting the spaces. After the man filed his lawsuit, the company repainted the parking spaces again and adopted a new policy of frequently inspecting the spaces to ensure they complied with ADA requirements. The court held this was not enough to moot the case because, '[u]nlike cases where defendants would have to undo structural alterations to violate the ADA or would have to actively implement different policies, here, [the company] could run afoul of the ADA in the future by mere inaction and allowing the paint on the accessible spaces to fade.' The court pointed out 'the history of [the company's] failure to take proactive steps to provide accessible parking spaces' and the 'ease with which the parking spaces could fall into non-compliance again' prevented it from concluding 'it is absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.'" *Love v. Petaishiski* (C.D.Cal. Mar. 8, 2017, No. EDCV 15-1719-VAP (DTBx))

*Love v. Petaishiski* and *Lozano v. C.A. Martinez Family Ltd. P'ship* are two cases that apply to our present case; our case is more in line with the *Lozano* case. In *Love*, "Defendants presented evidence showing they repainted the accessible parking area and installed the necessary signage near the parking space. Defendants also adopted a new policy for regularly inspecting the parking space for ADA compliance." *Love v. Petaishiski* (C.D.Cal. Mar. 8, 2017 The Plaintiff in the *Love* case "did not alleged [that] (1) Defendants have a history of 'failure to take proactive steps to provide accessible parking spaces' or (2) that Defendants were aware of ADA requirements for the parking space, at one point had an ADA complaint parking space, and then allowed it to fall out of compliance. Also unlike *Lozano*, Plaintiff [did] not alleged

Defendants had a policy of regularly inspecting and repainting the spaces and failed to follow it. Further, Defendants presented evidence showing that, before Defendants knew of Plaintiff's claims, they made the determination to repaint the parking space. Accordingly, absent from this case are many of the factors that caused the *Lozano* court to rule the company's conduct could reasonably be expected to recur. "(*Love v. Petaishiski* (C.D.Cal. Mar. 8, 2017, No. EDCV 15-1719-VAP (DTBx)) 2017)

Here, Defendants have not presented evidence that they fixed their parking space before they were served with the ADA lawsuit. Also, Defendants failed to show that they were unaware of ADA guidelines prior to being served with the ADA lawsuit. To the contrary, Defendants were aware of the ADA rules regarding parking spaces as they have attached to their motion to dismiss as Exhibit 5, California Business Code 2016. Finally, as Exhibit A shows, there was ADA sufficient parking lot at one point that the Defendants allowed to go into disrepair.

"In determining whether a claim is moot, '[t]he question is not whether the precise relief sought at the time the application for an injunction was filed is still available. The question is whether there can be any effective relief.'" *West v. Secretary of Dept. of Transp.*, 206 F.3d 920, 925 (9th Cir. 2000). "Mere voluntary cessation of allegedly illegal conduct does not moot a case; if it did, the courts would be compelled to leave [t]he defendant . . . free to return to his old ways." *Porter v. Bowen*, 496 F.3d 1009, 1017 (9th Cir. 2007) (quoting *United States v. Concentrated Phosphate Exp. Ass'n*, 393 U.S. 199, 203, 89 S. Ct. 361, 21 L. Ed. 2d 344 (1968)). "Thus, a claim for injunctive relief will only be moot if 'it is absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur' and 'interim relief or events have completely and irrevocably eradicated the effects of the alleged violation.'" *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 190, 120 S. Ct. 693, 145 L. Ed. 2d 610 (2000). "The burden of demonstrating mootness is 'heavy' and must be carried by the party claiming that the

case is moot." *Porter*, 496 F.3d at 1017; *Cty. of Los Angeles v. Davis,* 440 U.S. 625, 631, 99 S. Ct. 1379, 59 L. Ed. 2d 642 (1979) ("The [*7] burden of demonstrating mootness is a heavy one."); *Laidlaw*, 528 U.S. at 190 (Defendant bears the "formidable burden" of showing that a claim is moot).

It seems that the Defendant in this case has no business practice in place to ensure that their ADA accessibility remains in line with current guidelines. Therefore, there is a strong likelihood that the parking lot will again go into disrepair. Clearly O'Reilly allowed their parking lot to enter a state of disrepair. It was, at one point, in compliance with ADA standards. However, Defendant failed to maintain compliance. Defendant failed to demonstrate whether the company had any protocol in place for purposes of inspecting and maintaining the parking lot. Defendant also fails to demonstrate whether they intend to follow some new inspection and maintenance requirements. Therefore, there is a strong likelihood that the disrepair that the parking lot was in during plaintiff's initial visit will most likely reoccur.

**B. <u>THIS COURT SHOULD EXERCISE SUPPLEMENTAL JURISDICTION AS THE FEDERAL ADA CLAIM IS STILL A LIVE CONTROVERSY, PLAINTIFF HAS STANDING, AND IT IS IN THE BEST INTEREST OF JUDICIAL ECONOMY.</u>**

Defendants motion states that this court should decline to exercise supplemental jurisdiction over the state law claim because "State court is no less convenient than the instant forum, and it certainly not unduly burdensome or unfair to dismiss a case that, while advanced in stage, has required almost no actual litigation. Comity weighs strongly in favor of dismissal, given the fact that only state law claims remain, and these issues potentially raise important questions of California law. See *Org. for Advancement of Minorities with Disabilities v. Brick Oven Rest.*, 406 F. Supp. 2d 1120, 1130 (S.D. Cal .2005)".

Defendants motion asserts that this court should decline to exercise supplemental jurisdiction because "Plaintiff's state-law claims substantially predominate over Plaintiff's ADA

claim" and "California has its own set of public accommodation accessibility standards that can provide the basis for liability for disability discrimination in addition to ADA standards." Defendants motion pg 12.

Defendants argument requesting the court to decline to exercise supplemental jurisdiction fails to acknowledge that many courts hold that supplemental jurisdiction is proper in ADA/Unruh Act cases. Such as the court in the case of *Chavez v. Suzuki*; that court found that "the mere fact that the state claims allow for the recovery of monetary damages, whereas the ADA provides for injunctive relief only, does not compel the conclusion that the state claims 'substantially predominate' over the federal claim." *Chavez v. Suzuki*, No. 05CV1569 BTM (BLM), 2005 U.S. Dist, at *2 (S.D. Cal. Nov. 30, 2005). "Other than the availability of statutory damages under state law, the state and federal claims are identical. The burdens of proof and standards of liability are the same. Indeed, the Unruh Act specifically provides that a violation under the ADA also constitutes a violation of the Unruh Act. Cal. Civ. Code §§ 51(f). Moreover, the Court's exercise of supplemental jurisdiction would best advance economy, convenience, fairness, and comity. The state and federal claims are so intertwined that it makes little sense to decline supplemental jurisdiction. To do so would create the danger of multiple suits, courts rushing to judgment, increased litigation costs, and wasted judicial resources." (*Moore v. Dollar Tree Stores Inc.* (E.D.Cal. 2015) 85 F. Supp. 3d 1176, 1194.)

"Any violation of the ADA necessarily constitutes a violation of the Unruh Act. Cal. Civ. Code § 51(f). Where the basis of liability for an Unruh Act violation is an ADA violation, a plaintiff need not prove intentional discrimination. Moreover, the Unruh Act allows for monetary damages including automatic minimum penalties in the amount of $4,000 per occurrence, and attorneys' fees as may be determined by the court. Cal. Civ. Code § 52." (*Moore v. Dollar Tree Stores Inc.* (E.D.Cal. 2015) 85 F. Supp. 3d 1176, 1179.)

Defendant presented plaintiff and this court with a series of photographs showing the condition of their parking lot, however none of these photos show the condition of the parking lot on the day in question. The supplemental jurisdiction statute "reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity."— *City of Chicago v. Intl Coll. of Surgeons*, 522 U.S. 156, 173, 118 S. Ct. 523, 534, 139 L. Ed. 2d 525 (1997).

In *Johnson v. Morning Star Merced*, LLC, (2018 U.S. Dist). The court sided with Johnson when Defendant in that case made a similar argument to defendant in this case. Johnson argues that "there is no basis for the Court to decline to exercise supplemental jurisdiction. The Unruh claim is "entirely predicated on a finding that the ADA [*4] has been violated," which means that almost identical cases would be pursued separately and simultaneously in state and federal court. This is neither economical nor fair, and, considering that the same injunctive relief is being sought for both claims, it is possible to have conflicting remedies or duplicative orders. Also, Johnson argues that he has chosen a federal forum because of the quality of judges and legal rulings, the ease of the electric filing system, the vast majority of published authorities arise in federal court, and the substantive law in this case is entirely federal law. Even if the sole reason to litigate in this forum was to avoid cumbersome state rules, that is not an improper purpose. Finally, identifying the number of cases filed is simply an attempt to prejudice the Court. It is well recognized that serial litigation a legitimate method of enforcement of civil rights laws." *Johnson v. Morning Star Merced*, LLC, 2018 (U.S. Dist.*3-4)

"It is judicially more economical for a single court to resolve the dispute between Johnson and MSM, instead of requiring duplicative efforts in multiple courts, possibly involving multiple juries, and possibly leading to inconsistent results. Finally, even if Johnson is forum

shopping, the Court continues to find that such forum shopping is not sufficient to justify declining supplemental jurisdiction. Therefore, the Court does not find that this case represents an 'exceptional circumstance' under § 1367(c)(4)." *Johnson v. Morning Star Merced, LLC*, (2018 U.S. Dist. *16-17)

"[T]here is no reason why Plaintiff should have to file his claims in state court, despite Defendant's contentions that Plaintiff is seeking to utilize the more lenient federal pleading standards. See *Chavez v. Suzuki*, No. 05cv1569 BTM (BLM), 2005 U.S. Dist. (S.D. Cal. Nov. 30, 2005) (holding that 'there is nothing wrong with plaintiff choosing to file suit in federal court because he believes it is more favorable to him.'). *Schoors v. Seaport Vill. Operating Co.*, LLC, (2017 U.S. Dist.)

It is in the interest of fairness for the court to exercise supplemental jurisdiction over the state law claims in this case because it is impractical to have two identical lawsuits in two courts and the federal ADA claim is still a live controversy.

## III. CONCLUSION

Defendants failed to remedy the parking lot and allowed it to become into disrepair as exhibit A shows. Defendants should be barred from ever allowing their parking lot to become inaccessible again.

Dated: 7/9/2020

Joseph Bakhos, Esq.
Attorney for Plaintiff