**LEWIS BRISBOIS BISGAARD & SMITH LLP**
STEPHEN E. ABRAHAM, SB# 172054
E-Mail: Stephen.Abraham@lewisbrisbois.com
650 Town Center Drive, Suite 1400
Los Angeles, California 90071
Telephone: 714.668.5562
Facsimile: 714.850.1030

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
AMY L. PIERCE, SB# 210539
E-Mail: Amy. Pierce@lewisbrisbois.com
2020 W. El Camino Ave. Ste. 700
Sacramento, California 92626
Telephone: 916.646.8210

Attorneys for Defendants O'REILLY AUTO ENTERPRISES, LLC and KIRSCHBAUM PROPERTIES LLC

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

ADAM GHADIRI,

Plaintiff,

v.

O'REILLY AUTO PARTS, a business entity; O'REILLY AUTO ENTERPRISES, LLC, a California limited liability company; KIRSCHBAUM PROPERTIES LLC, a California limited liability company,

*Defendants*.

Case No. 3:20-cv-01796-RS

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO (A) DISMISS FEDERAL CLAIM PURSUANT TO FRCP 12(b)(1); AND (B) TO DISMISS STATE CLAIMS PURSUANT TO FRCP 12(b)(1), 12(h)(3), AND 28 USC §1367(a) AND/OR §1367(c)**

Honorable Richard Seeborg

Date: Thursday, July 30, 2020

Time: 1:30 p.m.



LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

## TABLE OF CONTENTS


**I. INTRODUCTION AND SUMMARY ..... 1**

**II. FACTS RELEVANT TO DEFENDANTS' MOTION ..... 1**

1. Plaintiff's Vague and Even Incorrect Claims ..... 1
2. Plaintiff's Encounter with the Parking Lot Conditions ..... 2
3. The Conditions Alleged Do Not Exist ..... 2
4. An Ironic Point Regarding the Evidence – Plaintiff's Lack of Any Supporting Evidence ..... 2
   - A. Plaintiff's Declaration Fails to Support His Claim ..... 2
   - B. Plaintiff's Unauthenticated Photographs Do Not Support His Claim ..... 3

**III. DISCUSSION ..... 4**

1. The Standard for Mootness ..... 4
2. Elimination of the Barriers is Sufficient to Establish Mootness Where There is No Evidence of the Likelihood of Future Disrepair ..... 5
   - A. The Evidence Before the Court is that the Alleged Barriers Have been Eliminated and None that the Conditions will Reoccur ..... 5
   - B. Plaintiff's Reliance on *Lozano* and *Love* are Misplaced ..... 6
3. Plaintiff Offers No Justification for Exercising Jurisdiction Over Plaintiff's State Law Claims ..... 7

**IV. CONCLUSION ..... 9**


LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

## I.

## INTRODUCTION AND SUMMARY

Plaintiff brought suit under the Americans with Disabilities Act ("ADA") and various state-law theories. The federal claim in this case is moot. The condition of which Plaintiff complains no longer exists. Defendants have moved to dismiss the case because there is no live controversy – no justiciable claim justifying the further exercise of federal jurisdiction.

Plaintiff claims that "there is a strong likelihood that the Defendants parking lot will again go into disrepair due to their inaction in maintaining the parking lot." Opp. at 5:1-2. Plaintiff offers no evidence whatsoever. He does not know when that disrepair will occur. There is no track record of as much. He does not cite to an earlier instance where Defendants were compelled to make repairs and have now abandoned their obligations.[1] Beyond the foregoing, evidence (Exhibit A) offered by Plaintiff – showing no indication whatsoever of "faded paint" – demonstrates the likelihood that there was no controversy at all.

## II.

## FACTS RELEVANT TO DEFENDANTS' MOTION

### 1. Plaintiff's Vague and Even Incorrect Claims

Plaintiff alleged he went to the *restaurant*. Complaint, ¶2. He did not allege an intent at the time of the visit to patronize an auto parts store but, instead, alleged the faded paint and lack of signage frustrated him. (*Id.*, ¶9)

He professed a generalized desire "to patronize this establishment again but cannot do so until the Defendants remove these barriers or obstacles to proper access equal for everyone and correct all violations of law." *Id.*, ¶11. However, this Court should note that Plaintiff's declaration was "signed" in ***Santa Ana***, California, raising serious questions as to how someone located in Santa Ana can express

[1] Plaintiff should have claimed as much because the cases he cited turned on those very facts.

LEWIS BRISBOIS BISGAARD & SMITH LLP ATTORNEYS AT LAW

a particularized and definitive intention to return to an auto parts store nearly 400 miles away!

### 2. Plaintiff's Encounter with the Parking Lot Conditions

Plaintiff alleges the parking space was faded. He also claims that signage was missing. *Id.*, ¶9. He does not allege an inability to recognize the space. To the contrary, his particularized grievance was that another vehicle was parked in the space. *Id.*

### 3. The Conditions Alleged Do Not Exist

In March 2020, the van accessible space and access aisle were restriped. (Delgadillo Decl., ¶¶5-6; Exh. 1) The signage was also replaced. (*Id.*). The accessible parking spaces also have required signage. (Delgadillo Decl., ¶13; Exh. 2; RJN Fact 3, Exh. 4) The entrance to the parking lot also has a sign indicating unauthorized vehicles will be towed, in compliance with state law. (Delgadillo Decl., ¶12; Exh. 2; RJN Fact 4, Exh. 5)

***None of this is contested.***

### 4. An Ironic Point Regarding the Evidence – Plaintiff's Lack of Any Supporting Evidence

#### A. Plaintiff's Declaration Fails to Support His Claim

One might expect a stunningly supportive self-serving declaration from Plaintiff in his opposition. Curiously, Plaintiff's description of the parking lot is tepid at best and does not even support the claims in his complaint. Plaintiff states that "when entering the parking lot, [he] noticed there was an area for handicap parking but the paint was faded and there were no signs[.]" Ghaderi Decl. (Doc. 15-1) at 1:23-24. He is silent as to any condition preventing him from recognizing or utilizing accessible parking spaces.

### B. Plaintiff's Unauthenticated Photographs Do Not Support His Claim

It cannot go without notice that Plaintiff's counsel complains of an inability to authenticate photographs sent by Defendants' counsel showing the conditions alleged in the complaint no longer exist (Opp. at 4:8) yet offers Exhibit A (Doc. 15-4) consisting of 12 photographs, none of which are authenticated!

Moreover, those photographs certainly do not support Plaintiff's claim of unrecognizable accessible spaces.

Defendant's exhibits include a report of the conditions of the property (Doc. 13-7) including numerous photographs of the accessible spaces. Of note, the accessible parking spaces are to the left and right of the access aisle bound at top and bottom by yellow truncated dome mats and curb ramp. (Doc. 13-7 at pgs. 4-5)

Plaintiff's photographs at Exhibit A (Doc. 15-4) do everything possible to avoid showing the access aisle and spaces (made conspicuous because of the yellow mats and curb ramp).

The pictures on page 1 of the exhibit are taken from inside a car but do not show the portion of the building with the accessible features. Those on page 2 show an oblique view of the non-van space (unoccupied) but from a low angle. Page 3 depicts portions of the property not near to the accessible features.

But the photographs on page 4 are interesting for a number of reasons. They were taken by someone standing on the sidewalk. If taken by Plaintiff, his claim of being unable to patronize the business is sorely undermined and any claim of being unable to park vitiated. . More importantly, both the van accessible space and additional accessible space are ***unoccupied***, contrary to the claim made in the complaint that "there was a non-handicap vehicle parked in the handicap parking space." Complaint, ¶9. Moreover, the striping is clear and distinct, at least as depicted in the photographs.

The remaining pictures fail to depict any accessible feature save for a small portion of the truncated dome mat on the walkway.

In sum, Plaintiff does not even offer evidence sufficient to support the absence of accessible features, let alone those upon which he insists this Court retain jurisdiction.

## III.

## DISCUSSION

Plaintiff asserts that the paint might fade in the future. He does not know when; he does not know the degree of certainty; he just knows that it will happen.

Belief is not a sufficient basis for denying Defendants' motion to dismiss.

### 1. The Standard for Mootness

"'[M]ootness is a jurisdictional defect . . . [which] means that it can be raised at any time either by the parties or by the court acting sua sponte.'" Santa Barbara Patients' Collective Health Co-op. v. City of Santa Barbara, 911 F. Supp. 2d 884, 890 (C.D. Cal. 2012) (citation omitted). A claim becomes moot whenever it "'los[es] its character as a present, live controversy.'" W. v. Sec'y of Dep't of Transp., 206 F.3d 920, 924 (9th Cir. 2000) (citation omitted). "'The central question of all mootness problems is whether changes in the circumstances that prevailed at the beginning of litigation have forestalled any occasion for meaningful relief.'" Id. at 926 n.4 (citation omitted). The Court "cannot take jurisdiction over a claim as to which no effective relief can be granted." United States v. Geophysical Corp. of Alaska, 732 F.2d 693, 698 (9th Cir. 1984). "Because a private plaintiff can sue only for injunctive relief (i.e., for removal of the barrier) under the ADA, . . . a defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim." Oliver v. Ralphs Grocery Co., 654 F.3d 903, 905 (9th Cir. 2011). A claim becomes moot if (1) "subsequent events [have] made it absolutely clear that the allegedly wrongful behavior [cannot] reasonably be expected to recur," and (2) "interim relief or events have completely and irrevo-

cably eradicated the effects of the alleged violation." Grove, 407 F. Supp. 2d at 113 (citations omitted).

### 2. ELIMINATION OF THE BARRIERS IS SUFFICIENT TO ESTABLISH MOOTNESS WHERE THERE IS NO EVIDENCE OF THE LIKELIHOOD OF FUTURE DISREPAIR

#### A. The Evidence Before the Court is that the Alleged Barriers Have been Eliminated and None that the Conditions will Reoccur

Plaintiff argues that the ADA violation is nearly certain to recur, because paint on an asphalt parking lot tends to fall into disrepair, and it is likely that Defendants will fail to remediate the violation when it inevitably occurs again in a few years.

But this argument proves too much, because there is always a possibility that a violation will recur. The voluntary removal of an illegal barrier need not effect a permanent change in order to moot the ADA claim. The fact that the change is not permanent does not undermine the fact that the violation is not reasonably expected to recur. The true question is whether the "menace to plaintiff's rights still exists." *Champion Spark Plug Co. v. Reich*, 121 F.2d 769, 772 (8th Cir. 1941).

Here, there remains no menace to Plaintiff's rights, because Defendants have fully complied with the ADA and it is reasonably certain that the violation will not recur in the near future.

Courts have held that an ADA claim was mooted when an allegedly non-compliant parking lot was repainted. See, e.g., *Hubbard v. 7- Eleven, Inc.*, 433 F. Supp. 2d 1134, 1145 (S.D. Cal. 2006) (finding the because the only relief available under the ADA is injunctive, the plaintiff's claim was moot when the defendant fixed the alleged barrier by painting "No Parking" in the access aisle).

Plaintiff presents no evidence to show that Defendants routinely flout their duties under the ADA, fail to remediate barriers to the access of persons with disabilities, and allow accessibility features to fall into disrepair.

**B. Plaintiff's Reliance on *Lozano* and *Love* are Misplaced**

Plaintiff devotes a considerable portion of his brief to a discussion of two cases neither of which make the argument for continued exercise of federal jurisdiction where the basis no longer exists.

*Lozano v. C.A. Martinez Family Ltd. P'ship*, 129 F.Supp.3d 967 (S.D. Cal. Sept. 8, 2015) involved a case where defendant had been previously sued for ADA violations, repaired the barriers, then let the repairs lapse. *Lozano* was distinguished on that basis and its conclusion rejected in *Johnson v. BBVA Compass Fin. Corp.*, 2016 U.S. Dist. LEXIS 39635, *4, 2016 WL 1170855. More recently, in this very district, a court reached the same conclusion.

> [B]ased on the unrefuted evidence presented, the court finds that the modifications made to the parking lot (e.g., installation of a van accessible space, signage, and an accessible aisle with the standard disabled parking space) are more akin to structural changes that courts generally deem permanent enough to assure that the violation will not recur. See, e.g., *Oliver*, 654 F.3d at 906 n.5 (affirming the district [*6] court's conclusion that modifications in tow-away signage, signage in a van accessible stall, and the painting of a stop sign on the pavement at the accessible route were among the types of features that mooted the plaintiff's claim). Moreover, while it is unclear precisely when defendants made these modifications, *unlike in Lozano and Moeller, there is no evidence before the court of a history of lapses in compliance with the ADA*.

*Johnson v. Melehan*, 2017 U.S. Dist. LEXIS 134391, *5-6, 2017 WL 3605227 (emphasis added). Nor does *Love v. Petaishiski* support Plaintiff's position. In *Love*, the court considered the various arguments regarding the mootness of repainted parking spaces and concluded that the federal claims were moot. Of note are the court's discussion of cases finding that repainted accessible spaces and

aisles mooted the federal claim. *Love v. Petaishiski*, 2017 U.S. Dist. LEXIS 38452, *11, citing *Eiden v. Home Depot USA, Inc.*, No. CIVS04-977 LKK/CMK, 2006 U.S. Dist. LEXIS 38423, 2006 WL 1490418, at *10 (E.D. Cal. May 26, 2006) (painting "NO PARKING" moots claims) Other courts have reached the same conclusion, including *Langer v. Nenow*, 2020 U.S. Dist. LEXIS 22667, *12 (S.D. Cal. Feb. 10, 2020).

A particularly apt (if not perhaps the best) description of what Plaintiff demands was expressed recently as follows:

> Plaintiff states "[m]erely because a handicap parking space [has] been freshly painted again does not mean that it will also not be permitted to fade away or be painted over once the smoke clears from this case." (Pl.'s Reply at 9-10.) If the Court were to accept this as sufficient grounds to grant injunctive relief, Plaintiff's Counsel would no doubt sue every facility in the Central District of California required to maintain an accessible parking space, requesting an injunction to continually re-paint. Plaintiff cannot find an arguable ground for continued jurisdiction in this case and is resorting to absurdities. The Court DISMISSES AS MOOT the parking claim, because no reasonable trier of fact would find the current van space violates the ADA.

*Madriz v. Oxnard Vagabond Inn, LLC*, 2020 U.S. Dist. LEXIS 10909, *15-16, 2020 WL 886963 (C.D. Cal. Jan. 22, 2020)

Here, there is no evidence that Defendants will let the repairs lapse or otherwise change the conditions to make the property noncompliant. There is no evidence that Defendants have a history of recurring violations or that they are unwilling or unable to maintain the current state of the property.

### 3. PLAINTIFF OFFERS NO JUSTIFICATION FOR EXERCISING JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS

Where the only federal claim-based cause of action is moot and should be

dismissed, comity and fairness strongly favor dismissal of the remaining state law claims. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 727 (1966) The Court may consider whether declining to exercise jurisdiction serves the principles of economy, convenience, fairness and comity. *City of Chicago*, *supra*, 522 U.S. at 172-3 (1997). The principle of comity strongly favors dismissing the state law claims. See *Executive Software N. Am., Inc. v. United States Court for Central District of Cal.*, 24 F.3d 1545, 1553 (9th Cir. 1994).

Plaintiff does not offer one single case where a federal court exercised jurisdiction over a state-law claim where the federal claim was absent at the pleading stage.

On the other hand, Plaintiff makes the patently false argument that having a state court decide Plaintiff's state law claim will duplicate efforts. However, the case upon which Plaintiff dwells appears to describe a situation involving "cases [] pursued separately and simultaneously in state and federal court" and "requiring duplicative efforts in multiple courts, possibly involving multiple juries, and possibly leading to inconsistent results." (Opp. at 10:15-27) That is certainly not the case here where Defendants' motion seeks to terminate this litigation, eliminating any possibility of two concurrent actions.

The case is in the initial stage; the case is not even at issue; and nothing has been done by this Court other than to take up this motion to dismiss. "This is thus not a situation in which significant resources were expended in federal court and dismissal would require a new judge to develop familiarity with a complex factual situation." *Rogers v. Irvine Co. LLC*, No. SA CV 13-0638-DOC(ANx), 2014 WL 2865699 *2 (C.D. Cal June 24, 2014) This is not a situation where familiarity with complex factual situations has already been developed. There can be no showing of extraordinary circumstances to justify retaining jurisdiction over the state law claims. Accordingly, this Court should decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367 over the remaining state law claims.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## IV.
## CONCLUSION

The evidence offered by Defendants demonstrate that the conditions alleged in Plaintiff's complaint do not exist.

The evidence offered by Plaintiff paints an even worse picture for his claims, raising serious doubts as to whether the conditions ever existed.

For the foregoing reasons, Defendants respectfully submit that the motion to dismiss the federal claim should be GRANTED and that this Court DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION over Plaintiff's state claims.

Dated: July 10, 2020 LEWIS BRISBOIS BISGAARD & SMITH LLP

By: /s/ Stephen E. Abraham
Stephen E. Abraham
Attorneys for Defendants O'REILLY AUTO ENTERPRISES, LLC and KIRSCHBAUM PROPERTIES LLC

**FEDERAL COURT PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to the action. My business address is 650 Town Center Drive, Suite 1400, Costa Mesa, California. I am a member of the bar of this Court.

On July 10, 2020, I served the following document(s): REPLY IN SUPPORT OF DEFENDANTS' MOTION TO (A) DISMISS FEDERAL CLAIM PURSUANT TO FRCP 12(b)(1); AND (B) TO DISMISS STATE CLAIMS PURSUANT TO FRCP 12(b)(1), 12(h)(3), AND 28 USC §1367(a) AND/OR §1367(c)

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

| | |
|---|---|
| Joseph Bakhos<br>17221 E. 17th Street, Suite #F<br>Santa Ana, CA 92705<br>(714) 617-5868<br>jbakhoslaw@yahoo.com | Attorneys for Plaintiff<br>Adam Ghadiri |

The documents were served by the following means:

☒ **e-Filing via ECF pursuant to Court order**

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on July 10, 2020, at Costa Mesa, California.

/s/ Stephen E. Abraham

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW